## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| RUTH GLADSTEIN | : | Civil Action No: 2:18-cv-926 |
| | : | |
| Plaintiff, | : | |
| | : | |
| -vs- | : | |
| | : | |
| SARANN GOLDFIELD, ET AL, | : | |
| | : | |
| Defendants. | : | JUNE 4, 2018 |
| | : | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§1332, 1441 and 1446, Defendants Martin Wolf and Cohen and Wolf, P.C. hereby provide notice of removal of this action from the Superior Court of Connecticut, Judicial District of Fairfield, at Bridgeport, to the United States District Court for the District of Connecticut.

### A.   Grounds for Removal

1.      On May 9, 2018, Plaintiff, Ruth Gladstein served a Writ, Summons and Complaint on Martin Wolf, Esq. returnable July 3, 2018 to the Superior Court for the State of Connecticut, Judicial District of Fairfield at Bridgeport, captioned *Ruth Gladstein v. Sarann Goldfield, et al.*

2.      On May 14, 2019, Plaintiff, Ruth Gladstein served a Writ, Summons and Complaint on Cohen and Wolf, P.C. returnable July 3, 2018 to the Superior Court for the State of

Connecticut, Judicial District of Fairfield at Bridgeport, captioned *Ruth Gladstein v. Sarann Goldfield, et al.*

3.      True and correct copies of the pleadings received by Martin Wolf and Cohen and Wolf, P.C. are attached as Exhibit A in accordance with 28 U.S.C. §1446(a).

4.      Upon information and belief, Plaintiff is an individual who is a citizen of the state of Nevada, with a residence in Henderson, Nevada 089044 (Exhibit A).

5.      Upon information and belief, Defendants Sarann Goldfield and Alvin Goldfield, husband and wife, are citizens of the Commonwealth of Massachusetts, with a residence in Lexington, Massachusetts.

6.      Defendant Martin Wolf is an individual who is a citizen of the state of Connecticut, with a residence in Stratford, Connecticut.

7.      Defendant Cohen and Wolf, P.C. is a professional corporation with its principal place of business in Bridgeport and is authorized to do business in the State of Connecticut.

8.      Upon information and belief, the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.   According to the Statement Re: Amount in Demand attached to the Complaint, consistent with Connecticut statute a demand is not stated. Rather, Plaintiff states: "The amount. Legal interest or property in demand is in excess of $2,500.00, exclusive of interest and costs."   Exhibit "A", p. 34.   However, this action is ostensibly brought under the Connecticut Accidental Failure of Suit Statute and from the prior

action it is known that the Plaintiff is seeking damages that are a substantial multiple of $75,000.00 exclusive of interest and costs.

9.      This Court has original jurisdiction over this action under 28 U.S.C. §1332.  The matter in controversy is between citizens of different states and, upon information and belief, and as set forth in paragraph 8 above, the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.  Therefore, removal is appropriate under 28 U.S.C. §1441.

**B.      The Notice for Removal is Timely**

10.      This Notice of Removal is being filed within 30 days of  May 9, 2018, the date Martin Wolf first received the Summons and Complaint, and May 14, 2018, the date Cohen and Wolf, P.C. first received the Summons and Complaint, which were the initial pleadings setting forth Plaintiff's claim for relief.  Therefore, the notice is timely under 28 U.S.C. §1446(b).

**C.      Notice Is Being Given to Plaintiff, The Goldfield Defendants, and the State Court**

11.      Pursuant to 28 U.S.C. §1446(d), a copy of this Notice of Removal is being filed with the Superior Court of the State of Connecticut, Judicial District of Fairfield at Bridgeport to which the action was returnable.  Martin Wolf and Cohen and Wolf, P.C. also are serving this Notice of Removal on counsel for Plaintiff and on the non-appearing defendants Sarann and Alvin Goldfield.

12.     Martin Wolf and Cohen and Wolf, P.C. reserve the right to amend or supplement this Notice of Removal.

**WHEREFORE,** Defendants Martin Wolf and Cohen and Wolf, P.C. remove to this Court the above-entitled action, now pending in or returnable to the Superior Court, Judicial District of Fairfield at Bridgeport, and requests that this action be placed on the docket of this Court for further proceedings as though this action had originally been instituted in this Court.

Respectfully Submitted,

**DEFENDANTS Martin Wolf and
    Cohen and Wolf, P.C.**

By:___Louis B. Blumenfeld, #ct05636_____
        Louis B. Blumenfeld
        Cooney, Scully and Dowling
        10 Columbus Boulevard
        Hartford, Connecticut 06106
        (860) 527-1141 / Fed Bar # ct05636
        Facsimile No. (860) 247-5215
        e-mail:  lbb@csd-law.com

Their Attorneys

**SUMMONS - CIVIL**
JD-CV-1 Rev. 4-16
C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a,
52-48, 52-259, P.B. §§ 3-1 through 3-21, 8-1, 10-13

STATE OF CONNECTICUT
**SUPERIOR COURT**
*www.jud.ct.gov*

**See other side for instructions**

[ ] "X" if amount, legal interest or property in demand, not including interest and costs is less than $2,500.
[X] "X" if amount, legal interest or property in demand, not including interest and costs is $2,500 or more.
[ ] "X" if claiming other relief in addition to or in lieu of money or damages.

*Thomas A. Lyons*
*State Marshal*
*Fairfield County*
*A True Copy Attest*

TO: Any proper officer; BY AUTHORITY OF THE STATE OF CONNECTICUT, you are hereby commanded to make due and legal service of this Summons and attached Complaint.

| Address of court clerk where writ and other papers shall be filed (Number, street, town and zip code) (C.G.S. §§ 51-346, 51-350) | Telephone number of clerk (with area code) | Return Date (Must be a Tuesday) |
|---|---|---|
| SUPERIOR COURT  1061 Main Street / Bridgeport, CT  06604 | ( 203 )579-6527 | July          3 , 2 018 <br> Month    Day    Year |

| [X] Judicial District  [ ] Housing Session | [ ] G.A. Number: | At (Town in which writ is returnable) (C.G.S. §§ 51-346, 51-349) <br> **BRIDGEPORT** | Case type code (See list on page 2) <br> Major: **T**      Minor: **90** |
|---|---|---|---|

**For the Plaintiff(s) please enter the appearance of:**

| Name and address of attorney, law firm or plaintiff if self-represented (Number, street, town and zip code) | Juris number (to be entered by attorney only) |
|---|---|
| Bradley K. Cooney, of Bradley K. Cooney, P.C. / 3 Short Beach Road / East Haven, CT  06512 | 300966 |

| Telephone number (with area code) | Signature of Plaintiff (If self-represented) |
|---|---|
| ( 203 ) 318-0464 | |

| The attorney or law firm appearing for the plaintiff, or the plaintiff if self-represented, agrees to accept papers (service) electronically in this case under Section 10-13 of the Connecticut Practice Book. [X] Yes  [ ] No | Email address for delivery of papers under Section 10-13 (if agreed to) <br> brad.cooney@comcast.net |
|---|---|

| Number of Plaintiffs: **1** | Number of Defendants: **4** | [ ] Form JD-CV-2 attached for additional parties |
|---|---|---|

| Parties | Name (Last, First, Middle Initial) and Address of Each party (Number; Street; P.O. Box; Town; State; Zip; Country, if not USA) | |
|---|---|---|
| First Plaintiff | Name: **RUTH GLADSTEIN** <br> Address: **2216 Savannah River Street / Henderson, NV  89044** | P-01 |
| Additional Plaintiff | Name: <br> Address: | P-02 |
| First Defendant | Name: **SARANN GOLDFIELD** <br> Address: **3209 Main Campus Drive / Lexington, MA  02421** | D-01 |
| Additional Defendant | Name: **ALVIN GOLDFIELD** <br> Address: **3209 Main Campus Drive / Lexington, MA  02421** | D-02 |
| Additional Defendant | Name: **MARTIN WOLF, ESQ.** <br> Address: **397 Ottawa Lane / Unit A / Stratford, CT  06614** | D-03 |
| Additional Defendant | Name: **COHEN and WOLF, P.C.** <br> Address: **1115 Broad Street / Bridgeport, CT  06604**  Agent for Service: Jonathan S. Bowman <br> 175 Crest Terrace / Fairfield, CT  06430 | D-04 |

**Notice to Each Defendant**

1. **YOU ARE BEING SUED.** This paper is a Summons in a lawsuit. The complaint attached to these papers states the claims that each plaintiff is making against you in this lawsuit.
2. To be notified of further proceedings, you or your attorney must file a form called an "Appearance" with the clerk of the above-named Court at the above Court address on or before the second day after the above Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to come to court.
3. If you or your attorney do not file a written "Appearance" form on time, a judgment may be entered against you by default. The "Appearance" form may be obtained at the Court address above or at *www.jud.ct.gov* under "Court Forms."
4. If you believe that you have insurance that may cover the claim that is being made against you in this lawsuit, you should immediately contact your insurance representative. Other action you may have to take is described in the Connecticut Practice Book which may be found in a superior court law library or on-line at *www.jud.ct.gov* under "Court Rules."
5. If you have questions about the Summons and Complaint, you should talk to an attorney quickly. **The Clerk of Court is not allowed to give advice on legal questions.**

| Signed (Sign and "X" proper box) | [X] Commissioner of the Superior Court  [ ] Assistant Clerk | Name of Person Signing at Left <br> **Bradley K. Cooney** | Date signed <br> 05/06/2018 |
|---|---|---|---|

| If this Summons is signed by a Clerk: | For Court Use Only | |
|---|---|---|
| a. The signing has been done so that the Plaintiff(s) will not be denied access to the courts. <br> b. It is the responsibility of the Plaintiff(s) to see that service is made in the manner provided by law. <br> c. The Clerk is not permitted to give any legal advice in connection with any lawsuit. <br> d. The Clerk signing this Summons at the request of the Plaintiff(s) is not responsible in any way for any errors or omissions in the Summons, any allegations contained in the Complaint, or the service of the Summons or Complaint. | File Date | |

| I certify I have read and understand the above: | Signed (Self-Represented Plaintiff) | Date | Docket Number |
|---|---|---|---|

(Page 1 of 2)

**Instructions**

1. Type or print legibly; sign summons.
2. Prepare or photocopy a summons for each defendant.
3. Attach the original summons to the original complaint, and attach a copy of the summons to each copy of the complaint. Also, if there are more than 2 plaintiffs or more than 4 defendants prepare form JD-CV-2 and attach it to the original and all copies of the complaint.
4. After service has been made by a proper officer, file original papers and officer's return with the clerk of court.
5. Do not use this form for the following actions:

    (a) Family matters (for example divorce, child support, custody, paternity, and visitation matters)
    (b) Summary Process actions
    (c) Applications for change of name
    (d) Probate appeals
    (e) Administrative appeals
    (f) Proceedings pertaining to arbitration
    (g) Any actions or proceedings in which an attachment, garnishment or replevy is sought
    (h) Entry and Detainer proceedings
    (i) Housing Code Enforcement actions

---

**ADA NOTICE**

The Judicial Branch of the State of Connecticut complies with the Americans with Disabilities Act (ADA). If you need a reasonable accommodation in accordance with the ADA, contact a court clerk or an ADA contact person listed at www.jud.ct.gov/ADA.

---

## Case Type Codes

| Major Description | Codes Major/Minor | Minor Description | Major Description | Codes Major/Minor | Minor Description |
|---|---|---|---|---|---|
| Contracts | C 00 | Construction - All other | Property | P 00 | Foreclosure |
| | C 10 | Construction - State and Local | | P 10 | Partition |
| | C 20 | Insurance Policy | | P 20 | Quiet Title/Discharge of Mortgage or Lien |
| | C 30 | Specific Performance | | P 30 | Asset Forfeiture |
| | C 40 | Collections | | P 90 | All other |
| | C 90 | All other | | | |
| Eminent Domain | E 00 | State Highway Condemnation | Torts (Other than Vehicular) | T 02 | Defective Premises - Private - Snow or Ice |
| | E 10 | Redevelopment Condemnation | | T 03 | Defective Premises - Private - Other |
| | E 20 | Other State or Municipal Agencies | | T 11 | Defective Premises - Public - Snow or Ice |
| | E 30 | Public Utilities & Gas Transmission Companies | | T 12 | Defective Premises - Public - Other |
| | E 90 | All other | | T 20 | Products Liability - Other than Vehicular |
| Miscellaneous | M 00 | Injunction | | T 28 | Malpractice - Medical |
| | M 10 | Receivership | | T 29 | Malpractice - Legal |
| | M 20 | Mandamus | | T 30 | Malpractice - All other |
| | M 30 | Habeas Corpus (extradition, release from Penal Institution) | | T 40 | Assault and Battery |
| | M 40 | Arbitration | | T 50 | Defamation |
| | M 50 | Declaratory Judgment | | T 61 | Animals - Dog |
| | M 63 | Bar Discipline | | T 69 | Animals - Other |
| | M 66 | Department of Labor Unemployment Compensation Enforcement | | T 70 | False Arrest |
| | M 68 | Bar Discipline - Inactive Status | | T 71 | Fire Damage |
| | M 70 | Municipal Ordinance and Regulation Enforcement | | T 90 | All other |
| | M 80 | Foreign Civil Judgments - C.G.S. 52-604 & C.G.S. 50a-30 | Vehicular Torts | V 01 | Motor Vehicles* - Driver and/or Passenger(s) vs. Driver(s) |
| | M 83 | Small Claims Transfer to Regular Docket | | V 04 | Motor Vehicles* - Pedestrian vs. Driver |
| | M 84 | Foreign Protective Order | | V 05 | Motor Vehicles* - Property Damage only |
| | M 90 | All other | | V 06 | Motor Vehicle* - Products Liability Including Warranty |
| Housing | H 10 | Housing - Return of Security Deposit | | V 09 | Motor Vehicle* - All other |
| | H 12 | Housing - Rent and/or Damages | | V 10 | Boats |
| | H 40 | Housing - Audita Querela/Injunction | | V 20 | Airplanes |
| | H 50 | Housing - Administrative Appeal | | V 30 | Railroads |
| | H 60 | Housing - Municipal Enforcement | | V 40 | Snowmobiles |
| | H 90 | Housing - All Other | | V 90 | All other |
| | | | | | *Motor Vehicles include cars, trucks, motorcycles, and motor scooters. |
| | | | Wills, Estates and Trusts | W 10 | Construction of Wills and Trusts |
| | | | | W 90 | All other |

JD-CV-1   Rev. 4-16 (Back/Page 2)

LAW OFFICES OF **BRADLEY K. COONEY, P.C.**
3 Short Beach Rd., East Haven, CT  06512 – phone (203) 318-0464 – juris #:  300966 – email:  brad.cooney@comcast.net

| | | |
|---|---|---|
| RETURN DATE:      JULY 3, 2018 | * | SUPERIOR COURT |
| | * | |
| RUTH GLADSTEIN | * | |
| | * | JUDICIAL DISTRICT OF |
| VS. | * | FAIRFIELD AT BRIDGEPORT |
| | * | |
| SARANN GOLDFIELD (A/K/A SARANNE | * | |
| GOLDFIELD), ALVIN GOLDFIELD, MARTIN | * | MAY 6, 2018 |
| WOLF, ESQ., and COHEN and WOLF, P.C. | * | |

## **COMPLAINT**

### **Preliminary Statement**

1.      This lawsuit is being filed pursuant to the "Accidental Failure of Suit Statute",
Conn. Gen. Stat. §52-592.

2.      The original lawsuit, styled *Ruth Gladstein v. Sarann Goldfield (a/k/a Saranne
Goldfield), Alvin Goldfield, Martin Wolf, Esq., and Cohen and Wolf, P.C.,* Docket No. FBT CV
09-5027412 S, was filed in the Superior Court for the Judicial District of Fairfield at Bridgeport,
Connecticut, on September 10, 2009.

3.      That lawsuit, as here, claimed damages against the named Defendants for
intentional interference with inheritance, breach of fiduciary duties, undue influence, fraudulent
concealment, civil conspiracy, larceny, and related matters.

4.      Ruth Gladstein had previously filed for protection from creditors under Chapter 7
of the United States Bankruptcy Code, (11 U.S.C. 101 et seq.) in the Bankruptcy Court for the
District of Nevada on July 9, 2008, Case No. 08-17466 MKN (the "Bankruptcy Case").

LAW OFFICES OF **BRADLEY K. COONEY, P.C.**
3 Short Beach Rd., East Haven, CT 06512 – phone (203) 318-0464 – juris #: 300966 – email: brad.cooney@comcast.net

5.      Pursuant to Section 541 of the United States Bankruptcy Code,  Plaintiff's claims against the Defendants were property of the bankruptcy estate of Ruth Gladstein, regardless of when and how they had been scheduled by her prior bankruptcy counsel.   Accordingly, the original lawsuit should have been brought in the name of the "Bankruptcy Estate of Ruth Gladstein" (typically written as "Estate of Ruth Gladstein") rather than in the name of "Ruth Gladstein".

6.      Defendants filed Motions to Dismiss the original Complaint, pursuant to Conn. P.B. §10-30, alleging that because the Complaint was brought in the name of Ruth Gladstein rather than Estate of Ruth Gladstein--or the Bankruptcy Trustee for the Estate of Ruth Gladstein-- the Complaint should be dismissed for being brought in the name of the wrong party.

7.      Plaintiff then filed a Motion to Substitute, pursuant to Conn. Gen. Stat. §52-109.

8.      After an evidentiary hearing on these matters, the Superior Court (Hartmere, J.) denied Plaintiff's Motion to Substitute, and dismissed the original lawsuit, on October 30, 2013.

9.      Plaintiff timely appealed the Superior Court judge's decision.

10.      Because the claims against the Defendants were property of the Bankruptcy Estate of  Ruth Gladstein, the Bankruptcy Court for the District of Nevada had previously approved the Chapter 7 Trustee's application to employ the undersigned as counsel for the Trustee to pursue the claims at issue in the original Complaint.

11.      Upon learning of Judge Hartmere's decision, the Chapter 7 Trustee moved the

-2-

*LAW OFFICES OF* **BRADLEY K. COONEY, P.C.**
3 Short Beach Rd., East Haven, CT  06512 – phone (203) 318-0464 - juris #:  300966 – email:  brad.cooney@comcast.net

Bankruptcy Court in Nevada to authorize him to abandon the claims that were the subject of the original complaint, to Ruth Gladstein, so that said claims could be properly pursued by Ruth Gladstein, with the condition that the Estate of Ruth Gladstein would retain the right to payment from the net proceeds of any recovery from that lawsuit, pursuant to the applicable Bankruptcy Code.

12.    Recognizing the equitable interests at stake, the United States Bankruptcy Court for the District of Nevada granted the Chapter 7 Trustee's motion to abandon the claim to Ruth Gladstein on August 7, 2014, *nunc pro tunc*, over the Defendants' objection.

13.    In its decision regarding the appeal of the Superior Court's prior decision dismissing the original lawsuit, the State Supreme Court determined that the Nevada Bankruptcy Trustee's abandonment of his claim, described above, established that the Plaintiff, Ruth Gladstein, now has proper standing to bring these claims in her own name.

14.    The State Supreme Court further held, however, that since the abandonment of the claim by the Bankruptcy Trustee–and the approval of same by the Bankruptcy Court for the District of Nevada–had occurred more than four months *after* the entry of the Order of Dismissal in the Superior Court, that appeal was now moot.   The Supreme Court's decision is dated May 16, 2017.

15.    The Accidental Failure of Suit Statute, Conn. Gen. Stat. §52-592, provides, in pertinent part, that:

LAW OFFICES OF **BRADLEY K. COONEY, P.C.**
3 Short Beach Rd., East Haven, CT  06512 – phone (203) 318-0464 – Juris #:  300966 – email:  brad.cooney@comcast.net

If any action, commenced within the time limited by law, has failed one or more times to be tried on its merits because of insufficient service or return of the writ due to unavoidable accident or the default or neglect of the officer to whom it was committed, or because the action has been dismissed for want of jurisdiction, or the action has been otherwise avoided or defeated by the death of a party or for any matter of form; or if, in any such action after a verdict for the plaintiff, the judgment has been set aside, or if a judgment of nonsuit has been rendered or a judgment for the plaintiff reversed, the plaintiff, .... may commence a new action, except as provided in subsection (b) of this section, for the same cause at any time within one year after the determination of the original action or after the reversal of the judgment.

16.     This new action is brought against the same parties as in the original action.

17.     This new action is also brought for the same cause(s) as in the original action.

18.     Plaintiff's claims have not, to date, been heard *on their merits*.   Plaintiff brings this action in order that they may now be heard.

## FIRST COUNT   INTENTIONAL INTERFERENCE WITH INHERITANCE
### (AS TO THE DEFENDANTS MARTIN WOLF, COHEN AND WOLF, P.C., SARANN GOLDFIELD and ALVIN GOLDFIELD)

1.     The Plaintiff, RUTH GLADSTEIN, is an individual with her current primary residence at 2311 Schaeffer Hills Drive, in Henderson, Nevada.

2.     The Defendant MARTIN WOLF, was, at all times relevant hereto, an attorney employed by the Defendant law firm, COHEN AND WOLF, P.C. .   On information and belief, the Defendant MARTIN WOLF resides at 397 Ottawa Lane, Unit A, in Stratford, Connecticut.

3.     The Defendant COHEN AND WOLF, P.C. (hereinafter referred to as "The Defendant Law Firm") has its principal office located at 1115 Broad Street in Bridgeport, Connecticut. The

-4-

Defendant law firm and the Defendant Martin Wolf, have, at all times relevant to this Complaint, held themselves out as maintaining a legal practice in the area of Trusts and Estates.

4.     The Defendant Martin Wolf  is the named successor executor of  the estate of Frances  Klavir and is a named Trustee of the Frances Klavir  Living Trust, and has continued to serve  as a Trustee for the subject Living Trust through the date of the initial commencement of this lawsuit.

5.      The Defendants, SARANN GOLDFIELD (a/k/a Saranne Goldfield) , and ALVIN GOLDFIELD--husband and wife--are both individuals having their primary residence at 3209 Main Campus Drive, in Lexington, Massachusetts.  On information and belief, at all times relevant hereto, through the  commencement  of  the  original  lawsuit,  Defendants  were  residents  of  Stratford, Connecticut.

6.     The Plaintiff Ruth Gladstein and the Defendant Sarann Goldfield are the daughters of Frances Klavir, and were  both named beneficiaries of the estate of Frances Klavir and of the Living Trust created on behalf of Frances Klavir.

7.     The Living Trust which is the subject of this lawsuit was originally dated October 2, 1992.

8.     Defendants herein have proffered a  purported "Second Amendment" to the Frances Klavir Living Trust,  dated  June  4,  1997.      The  validity  and/or  authenticity  of  this  second amendment is disputed.

-5-

LAW OFFICES OF  **BRADLEY K. COONEY, P.C.**
3 Short Beach Rd., East Haven, CT  06512 – phone (203) 318-0464 – juris #:  300966 – email:  brad.cooney@comcast.net

LAW OFFICES OF **BRADLEY K. COONEY, P.C.**
3 Short Beach Rd., East Haven, CT 06512 – phone (203) 318-0464 – juris #: 300966 – email: brad.cooney@comcast.net

9.      The "Second Amendment", dated June 4, 1997, purports to change--for the very first time--the bequest or disbursement of the Trust proceeds between Frances Klavir's two daughters from a 50/50 share to one of 90/10, in favor of the Defendant Sarann Goldfield.

10.      Defendants have also proffered a new "Last Will and Testament of Frances Klavir" bearing the same date as the purported "Second Amendment".

11.      The purported signatures of Frances Klavir on the "Second Amendment" to the Frances Klavir Living Trust and on the Last Will and Testament of Frances Klavir are clearly misspelled in at least eight separate places.

12.      The same misspelling appears on the typed form of the document, prepared by the Defendant Martin Wolf.

13.      The purported "execution" and "witnessing" of the above document is irregular in several other respects, including:

(a.)      Only one of the three signatures on the document entitled "Second Amendment" appears to have been witnessed. Instead, there is a hand-written note added next to the witnesses' signatures indicating "AS TO BOTH PARTIES" in printed capitals. This is notwithstanding the presence of three separate sets of signature lines for the witnessing of each of the three purported signatures on the document.

(b.)      There are two originals of the document entitled "Second Amendment", and the note referenced above appears differently on the two documents.

(c.)      The purported acknowledgment on the document entitled "Second Amendment" does not contain a proper Notary Seal, and the signatures of the purported notary appear to be significantly different from page to page.

14.      Plaintiff asserts that the documents purporting to be the "Last Will and Testament"

-6-

LAW OFFICES OF **BRADLEY K. COONEY, P.C.**
3 Short Beach Rd., East Haven, CT 06512 – phone (203) 318-0464 – juris #: 300966 – email: brad.cooney@comcast.net

of Frances Klair and  the "Second Amendment" to her Living Trust, were signed when Frances Klavir was not of sound mind and was not legally competent to execute said documents.

15.     On information and belief, none of the named Defendants to this lawsuit took any steps to have Frances Klavir examined by a medical physician--or any health professional–at or near the time  of the purported execution of the two documents  described immediately above, nor were any other reasonable steps  taken to determine whether  Frances Klavir was of sound mind and legally competent to execute the subject documents.

16.     This is notwithstanding the fact that the Defendant Martin Wolf had expressed concerns three years earlier--in July, 1994--about Frances Klavir's legal competency to execute  a Joint Power of Attorney, in favor of both Ruth Gladstein and Sarann Goldfield,.

17.     On information and belief, throughout the period of time covered by this lawsuit, Frances Klavir suffered from a form of dementia which had been and was gradually worsening over time.  This dementia  manifested  itself by Frances Klavir's increased periods of confusion as to time and place,  the progressive deterioration of  her memory and other cognitive abilities,  the gradual  loss of her ability to  function on a daily basis,  and by  changes in her emotional and neurological status.

18.     As of June, 1996--one year prior to the "execution" of her Last Will and Testament, and the "Second Amendment" to her Living Trust--Frances Klavir's condition was such that she needed to move in to an assisted living facility in Bridgeport, Connecticut, as determined by one or

LAW OFFICES OF **BRADLEY K. COONEY, P.C.**
3 Short Beach Rd., East Haven, CT 06512 – phone (203) 318-0464 – juris #: 300966 – email: brad.cooney@comcast.net

more of the named Defendants to this lawsuit.

19.     As of May, 1997, the Defendant Goldfields were writing checks for Frances Klavir as her mental condition--and her ability to sign her own name--continued to deteriorate.

20.     On or about December 9, 1997, when Frances Klavir was admitted into a residential rehabilitation  facility for treatment following repair of a broken hip,  the Defendant Sarann Goldfield signed a document on behalf of Frances Klavir, thereby explicitly acknowledging that Frances Klavir was not of sound mind and not able to understand her rights at that time.

21.     After her discharge from the rehabilitation facility,  Frances Klavir was asked to move from her previous assisted living facility to one with a higher level of patient care and oversight, due to the ongoing, progressive deterioration in Frances Klavir's mental condition.

22.     Throughout the period of time covered by this lawsuit, as Frances Klavir's mental condition continued to deteriorate, the Defendants Goldfield--with the direct assistance of the Defendant Wolf  and the Defendant Law Firm--wrongfully exercised control over the assets of Frances Klavir, taking those assets for their own use and benefit, thereby preventing Plaintiff from receiving the same, and  contravening the intent of Frances Klavir with regard to the bequest and distribution of her assets, equally,  to her two daughters.

23.     On information and belief, the Defendant Martin Wolf, Esq., took specific direction from the Defendants Goldfield regarding the  wrongful  misappropriation of Frances Klavir's assets, and the transfer of said assets to  the  Defendants  Goldfield,  all to Plaintiff's harm and

-8-

LAW OFFICES OF **BRADLEY K. COONEY, P.C.**
3 Short Beach Rd., East Haven, CT  06512 – phone (203) 318-0464 – juris #:  300966 – email:  brad.cooney@comcast.net

detriment.

24.     On information and belief, the Defendant Martin Wolf, Esq., deliberately ignored written instructions from Frances Klavir, directing the Defendant Wolf to keep the Plaintiff,  Ruth Gladstein, informed of his and his firm's  handling of Frances Klavirs estate and trust assets.

25.     All of the named  Defendants took steps to conceal their actions from the Plaintiff, and have continued to conceal said actions through the commencement of this lawsuit.

26.     Based on all of the foregoing, Plaintiff claims money damages, including interest and lost income for the wrongful withholding of all monies justly due to her.

<u>SECOND COUNT</u>          **BREACH  OF FIDUCIARY DUTIES**
                        **(AS TO THE DEFENDANTS MARTIN WOLF AND COHEN AND WOLF, P.C.)**

1-25.   Paragraphs one through twenty-five of the First Count are hereby alleged as paragraphs one through twenty-five fifteen of this Third Count as if fully set forth herein.

26.     On information and belief,  the Defendant Martin Wolf and the Defendant Law Firm were responsible for the creation and/or preparation of numerous legal documents on behalf of the (now) deceased Frances Klavir and her husband,  as well as on behalf of  her daughters, Sarann Goldfield and Ruth Gladstein, including but not limited to the following:

(a.)   Last Will and Testament of Herman Klavir, dated November 27, 1984.

(b.)   Document containing Appointment of Health Care Agent on behalf of Frances Klavir Edelstein, dated September 2, 1992.

(c.)   Frances Klavir Edelstein Living Trust, dated October 2, 1992.

-9-

LAW OFFICES OF **BRADLEY K. COONEY, P.C.**
3 Short Beach Rd., East Haven, CT 06512 – phone (203) 318-0464 – juris #: 300966 – email: brad.cooney@comcast.net

(d.)     Quit Claim Deed transferring Frances Klavir real property into the Frances
          Klavir Living Trust, dated October 2, 1992.

(e.)     Durable Power of Attorney for Frances Klavir, and Designation of
          Conservatrix, both dated October 18, 1993 .

(f.)     A formal letter dated October 17, 1995, directing Attorney Wolf to change
          the then existing joint Power of Attorney to one in favor of the Defendant
          Saranne [sic] Goldfield only.

(g.)     Durable Power of Attorney for Frances Klavir, dated October 17, 1995.

(h.)     Designation of Conservator for Frances Klavir dated February 27, 1996,
          naming Saranne [sic] Goldfield as the Conservator.

(i.)     First Amendment to Frances Klavir Living Trust, undated.

(j.)     Document entitled "Last Will and Testament of Frances Klavir" dated
          June 4, 1997.

(k.)     Document entitled "Second Amendment" to Frances Klavir Living Trust,
          dated June 4, 1997.

27.     At all times relevant hereto, the Defendants Martin Wolf, Esq. and the Defendant

Law Firm had a fiduciary duty to Frances Klavir and to the Plaintiff beneficiary, Ruth Gladstein.

This fiduciary duty has been ongoing and continuous through the initial commencement of this

lawsuit.

28.     At all times relevant hereto, the Defendants Martin Wolf, Esq. and the Defendant

Law Firm assumed responsibility for, *inter alia*:   [i]  the preparation of the Frances Klavir Living

Trust, the Amendments thereto, and the Last Will and Testament of Frances Klavir identified above;

[ii]  the procedures relating to the purported execution, witnessing and acknowledgment of said

-10-

LAW OFFICES OF **BRADLEY K. COONEY, P.C.**
3 Short Beach Rd., East Haven, CT  06512 – phone (203) 318-0464 – juris #:  300986 – email:  brad.cooney@comcast.net

documents;  [iii]  the administration of the trust and estate assets of Frances Klavir;  [iv]  the

maintenance and oversight of the accounting, reports and tax returns for the trust and estate assets

of Frances Klavir;  [v]  the filing of all applicable reports, accountings, tax returns and related

documentation concerning the trust and estate  assets of Frances Klavir;  and  [vi]  the submission

of all necessary documents, forms, and accountings to the Probate Court for the District of

Bridgeport concerning the trust and estate assets of Frances Klavir.

       29.     The Defendants Martin Wolf, Esq. and the Defendant Law Firm failed to act in

accordance  with the standard duty of care required of  attorneys  and  trustees  in the exercise of

their duties described herein and above, with regard to:  [i]  the preparation and execution of

the estate planning  documents  for  Frances Klavir,  identified  specifically herein;  [ii]   the

administration and accounting of Frances Klavir's trust and estate assets;  [iii]    their duty to

maintain  impartiality among Frances Klavir's heirs and beneficiaries;  [iv]  the improper

distribution of Frances Klavir's trust and estate assets, without authorization;  [v]  the need to

acknowledge, track and monitor Frances Klavir's deteriorating mental condition, and to assure her

competency to execute legal documents at the time of execution; and  [vi]  the duty of loyalty to

Frances Klavir, insofar as Defendants substituted the estate planning goals and directions of the

Defendants Goldfield, in place of those of Frances Klavir.

       30.     More specifically,  the Defendants Martin Wolf, Esq. and the Defendant Law Firm

breached their fiduciary duties to the Plaintiff and her Mother, Frances Klavir, in one or more of the

LAW OFFICES OF **BRADLEY K. COONEY, P.C.**
3 Short Beach Rd., East Haven, CT 06512 – phone (203) 318-0464 – juris #: 300966 – email: brad.cooney@comcast.net

following ways:

(a.)   Defendants failed or refused to have timely and proper medical and mental examinations of Frances Klavir conducted at or near the time of the purported execution of the various documents identified above, in order to determine whether she was then of sound mind and competent to execute said documents;

(b.)   Defendants failed to properly oversee the Trust expenditures;

(c.)   Defendants failed to properly account for and keep track of all of the assets received into the Trust, and all expenditures from the Trust;

(d.)   Defendants failed to ascertain or confirm that said expenditures, during the life of Frances Klavir, were necessary, proper, appropriate and made for her support and benefit;

(e.)   Defendants failed to ascertain or confirm that said expenditures both before and after the death of Frances Klavir were made in accordance with her known, actual and legally expressed wishes;

(f.)   Defendants failed to timely and properly prepare reports regarding the income and expenditures of the Trust, and to provide such information to all persons or entities entitled to the same;

(g.)   Defendants wrongfully aligned themselves with and supported the Defendants Sarann and Alvin Goldfield with regard to: [1] their disputes with the Plaintiff concerning the care and support of Frances Klavir, [2] the Goldfield's use of the trust and estate assets of Frances Klavir; [3] the changes in the trust distributions from 50/50 to 90/10 in favor of the Defendant Sarann Goldfield, [4] the distribution of other trust and estate assets to the Defendant Goldfields and their immediate family members; and [5] Plaintiff's ongoing requests for an accounting and information about the trust and estate assets, income and expenditures;

(h.)   Defendants Martin Wolf and Cohen and Wolf, P.C. actively participated in the process of making Trust funds available to the Defendant Goldfields, which were purportedly for the purpose of paying "caretakers" for Frances

Klavir, without taking any proper steps to determine that the funds were being used as intended, and not for the sole benefit of the Defendants Goldfield;

(i.)    Defendants improperly issued to the Defendant Goldfields a no interest loan in the amount of $145,600.00 issued by "Martin F. Wolf, Trustee, c/o Cohen and Wolf...";

(j.)    Although Defendants recorded a release of the mortgage in support of the above loan in the applicable land records, there is no record of the funds having been repaid;

(k.)    Defendants released Trust funds in the amount of $75,000.00 to the Defendant Goldfields, soon after the death of Frances Klavir, without any proper authority to do so;

(l.)    Defendants issued a Mortgage to the Defendant Alvin Goldfield's sister and brother-in-law, without any proper authority to do so, and without first having obtained proper security and/or authority for said mortgage;

(m.)    Defendants failed to exercise due care with regard to the preparation, receipt and filing of the purported Releases of the above Mortgage or others, and failed to prepare a proper accounting therefore;

(n.)    Defendants continued to serve in a fiduciary capacity with regard to the Trust and Estate of Frances Klavir notwithstanding the existence of a clear conflict of interest between the Plaintiff and the Defendant Goldfields, here;

(o.)    Defendants continued to serve in an adversary legal capacity with regard to the Trust and Estate of Frances Klavir against the Plaintiff, notwithstanding the fact that they had represented Plaintiff and her husband with regard to various legal and financial matters in the past;

(p.)    Defendants failed to advise Plaintiff of changes in the Trust, estate, and related documents, including but not limited to the Joint Power of Attorney referenced above, notwithstanding the fact that Frances Klavir had directed the Defendants, in writing, to keep Plaintiff apprised of any such changes,

-13-

LAW OFFICES OF **BRADLEY K. COONEY, P.C.**
3 Short Beach Rd., East Haven, CT 06512 – phone (203) 318-0464 – Juris #: 300966 – email: brad.cooney@comcast.net

and  Plaintiff was entitled to such information;

(q.)    Defendants commingled the trust and estate assets of Frances Klavir, and actively transferred her assets between various investment accounts, to the detriment of her trust and estate assets, with no proper reason or purpose;

(r.)    Defendants actively concealed information concerning the ongoing, continuing deterioration of Frances Klavir's  mental condition, and took action to mislead Plaintiff and others as to the same;

(s.)    Defendants submitted documents to the Probate Court,  which they knew or should have known were not properly prepared, executed, witnessed or acknowledged.

31.    The Defendants Martin Wolf, Esq. and the Defendant Law Firm have concealed their actions and the records of their actions from the Plaintiff by, *inter alia*, failing to maintain all of the accounting and financial records for the trust and estate assets–or by destroying some of these records;  by refusing to allow Plaintiff access to the accounting and financial records in their possession–until well after the initial commencement of this lawsuit; by their failure or refusal to prepare, maintain or disclose any medical or other records relating to Frances Klavir's competency over the period of time covered by this lawsuit and specifically on the date(s) of the creation of the various trust and estate planning documents which are the subject of this lawsuit; by their failure or refusal to file with the Probate Court a complete and accurate accounting for the trust and estate assets of Frances Klavir, over the full life of the subject trust; by their failure or refusal to disclose duplicate originals of the trust and estate documents in a timely manner; by their failure or refusal to disclose the various disbursements made to the Defendant Goldfields and their

-14-

LAW OFFICES OF **BRADLEY K. COONEY, P.C.**
3 Short Beach Rd., East Haven, CT  06512 – phone (203) 318-0464 – juris #: 300966 – email: brad.cooney@comcast.net

immediate family members until well after the initial commencement of this lawsuit; by their failure or refusal to maintain proper records of the disbursements made to the Defendant Goldfields and their immediate family members;  by their failure or refusal to prepare or maintain proper records or accountings for the "caretaker" payments identified in this Count of this Complaint, above; by their failure of refusal to account for or timely disclose payments made to or for the Defendant Goldfields from Frances Klavir's trust and estate assets after the death of Frances Klavir.

32.     The Defendants' conduct, described above,  has been ongoing and continuous through the initial commencement of this lawsuit.

33.     As a direct result of the  breach of their duties, described herein above, the Defendants Martin Wolf, Esq. and the Defendant Law Firm have caused the Plaintiff Ruth Gladstein to suffer monetary harm, mental anguish, and great pain and suffering.

34.     Based on all of the foregoing, Plaintiff claims money damages, including interest and lost income for the wrongful withholding of all monies justly due to her.

**THIRD  COUNT**          **NEGLIGENCE/BREACH OF DUTY TO CARE**
                                         **(As to the Defendants Sarann Goldfield and Alvin Goldfield)**

1-25.   Paragraphs one through twenty-five of the First Count are hereby alleged as paragraphs one through twenty-five  of this Third  Count as if fully set forth herein.

26.     The Defendant Sarann Goldfield--acting in conjunction with her husband, the Defendant Alvin Goldfield--undertook and exercised control over the financial assets of Frances

-15-

LAW OFFICES OF **BRADLEY K. COONEY, P.C.**
3 Short Beach Rd., East Haven, CT  06512 – phone (203) 318-0464 – juris #:  300966 – email:  brad.cooney@comcast.net

Klavir, and undertook responsibility for the physical care, well-being and maintenance of Frances Klavir, thereby assuming a duty to care for Frances Klavir and to manage her personal and financial assets in a reasonable and prudent manner.

27.     On information and belief, Defendants breached this duty insofar as they failed to take proper care of Frances Klavir's physical and medical needs, in numerous respects, including but not limited to the following:

(a)     They failed to provide adequate and proper support for Frances Klavir in the form of physical assistance, care and maintenance;

(b)     They failed to provide her with an adequate, clean and safe environment, for her safety and well-being;

(c)     They failed to attend to even her most basic needs with regard to her personal hygiene and cleanliness;

(d)     They failed to provide adequate medical attention and healthcare sufficient to meet her needs;

(e)     They kept Frances Klavir in a private residence for an extended period of time, notwithstanding her need for more specialized and formal care, which could only be provided in a proper healthcare or nursing facility;

(f)     They employed "caretakers" for the daily care and physical maintenance of Frances Klavir, which "caretakers" were neither properly trained, nor certified, nor competent to provide such services;

(g)     Defendants took funds allocated for said "caretakers" and kept them for their own use and benefit, while actively concealing their misconduct from Plaintiff and others;

(h)     Defendants failed to maintain any proper records regarding any payments

-16-

LAW OFFICES OF **BRADLEY K. COONEY, P.C.**
3 Short Beach Rd., East Haven, CT 06512 – phone (203) 318-0464 – juris #: 300966 – email: brad.cooney@comcast.net

made to the above caretakers, failed to report said income to the proper authorities, and failed to make the proper withholdings and payments to the appropriate governmental agencies;

(i)     Defendants concealed their actions and the records of their actions--described above--from the Plaintiff, and have continued to do so as of the date of the commencement of this lawsuit.

28.     On information and belief, Defendants also breached their duty of due care with regard to their handling of Frances Klavir's personal and financial assets in numerous ways, including but not limited to the following:

(a)     They improperly commingled the assets of Frances Klavir with their own;

(b)     They improperly commingled the trust and estate assets of Frances Klavir;

(c)     They failed and refused to make any proper accounting to the Plaintiff or to any proper authority with regard to their handling of Frances Klavir's assets;

(d)     They wrongfully took jewelry, money and other valuable assets from Frances Klavir for their own benefit, to the detriment of Frances Klavir, her estate, and the Plaintiff beneficiary, without just cause or reason;

(e)     They wrote a check to themselves in the amount of approximately $85,000.00 from Frances Klavir's account, wrongfully taking said funds for their own benefit, to the detriment of Frances Klavir, her estate, and the Plaintiff beneficiary, without just cause or reason;

(f)     They failed or refused to account for assets coming in to Frances Klavir's accounts, including but not limited to her social security benefits;

(g)     They sold substantial assets, personalty, and real property of Frances Klavir and failed or refused to account for the sale of such assets;

(h)     They used the above failures in accounting to improperly take said assets for

-17-

*LAW OFFICES OF* **BRADLEY K. COONEY, P.C.**
3 Short Beach Rd., East Haven, CT  06512 – phone (203) 318-0464 – juris #:  300966 – email: brad.cooney@comcast.net

their own benefit, to the detriment of Frances Klavir, her estate, and the Plaintiff beneficiary, without just cause or reason;

(i)     They failed to properly attend to and manage Frances Klavir's financial assets and holdings to the detriment of Frances Klavir, her estate, and the Plaintiff beneficiary.

29.     Defendants' conduct, described above, has been ongoing and continuous through the initial commencement of this lawsuit.  Moreover, Defendants have concealed their actions and the records of their actions--described above--from the Plaintiff, and have continued to do so as of the date of the initial filing of this lawsuit.

30.     As a direct result of the failures, deliberate misconduct, and negligence of the Defendants described above, Frances Klavir, her estate, and the Plaintiff beneficiary have suffered harm, for which Plaintiff claims damages, including interest and lost income for the wrongful withholding of all monies justly due to her.

**<u>FOURTH COUNT</u>   BREACH OF FIDUCIARY DUTIES**
                    **(As to the Defendants SARANN GOLDFIELD AND ALVIN GOLDFIELD)**

1-25.   Paragraphs one through twenty-five of the First Count are hereby alleged as paragraphs one through twenty-five of this Fourth Count as if fully set forth herein.

26-28.  Paragraphs twenty-six through twenty-eight of the Third Count are hereby alleged as paragraphs twenty-six through twenty-eight of this Fourth Count as if fully set forth herein.

29.     The Defendant Sarann Goldfield--acting with the Defendant Alvin Goldfield--deliberately sought out, assumed, and exercised the responsibilities of serving as Conservatrix over

-18-

LAW OFFICES OF **BRADLEY K. COONEY, P.C.**
3 Short Beach Rd., East Haven, CT 06512 – phone (203) 318-0464 – juris #: 300966 – email: brad.cooney@comcast.net

the assets of Frances Klavir, her estate and Trust.   This is notwithstanding the fact that said Defendants never submitted any documents establishing the Conservatorship with the Probate Court, thereby avoiding any review of her/their actions by the Probate Court or any other civil authority

30.     By their conduct, alleged above, the Defendants Sarann Goldfield and Alvin Goldfield have assumed *fiduciary* duties to Frances Klavir, her assets, her estate, and to the Plaintiff beneficiary.

31.     By their conduct described above,  the Defendants Sarann Goldfield and Alvin Goldfield have breached their fiduciary duties to Frances Klavir, her assets, her estate, and to the Plaintiff beneficiary.

32.     As a direct result of the failures, deliberate misconduct, and negligence of the Defendants described above, Frances Klavir, her estate, and the Plaintiff beneficiary have suffered

harm, for which Plaintiff claims damages, including interest and lost income for the wrongful withholding of all monies justly due to her.

**FIFTH COUNT          NEGLIGENCE/FAILURE TO OVERSEE**
**(AS TO THE DEFENDANTS MARTIN WOLF and  COHEN AND WOLF, P.C.)**

1-25.    Paragraphs one through twenty-five of the First Count are hereby alleged as paragraphs one through twenty-five of this Fifth Count as if fully set forth herein.

26-30.   Paragraphs twenty-six through thirty of the Third Count are hereby alleged as

-19-

*LAW OFFICES OF* **BRADLEY K. COONEY, P.C.**
3 Short Beach Rd., East Haven, CT  06512 – phone (203) 318-0464 – Juris #:  300966 – email:  brad.cooney@comcast.net

paragraphs twenty-six through thirty of this Fifth Count as if fully set forth herein.

31-34.  Paragraphs twenty-nine through thirty-two  of the Fourth Count are hereby alleged as paragraphs thirty-one through thirty-four of this Fifth Count as if fully set forth herein.

35.    At all times relevant hereto, the Defendants Martin Wolf and Cohen and Wolf, P.C. were aware of the conduct of the Defendant Goldfields described in paragraphs twenty-six through twenty-nine, immediately above.   On information and belief, the Defendant attorneys failed to  take any steps to control or limit said misconduct.

36.    At all times relevant hereto, the Defendants Martin Wolf and Cohen and Wolf, P.C. were aware of the conduct of the Defendant Goldfields described in paragraphs thirty-one through thirty-three, immediately above.    On information and belief, the Defendant attorneys  failed to take any steps to control or limit said misconduct.

37.    At all times relevant hereto, the Defendant Martin Wolf and the Defendant Law Firm had a continuous and ongoing  duty to oversee and to protect the interests and the assets of Frances Klavir, including  her trust and estate assets.

38.    The Defendant Martin Wolf and/or the Defendant Cohen and Wolf, P.C. failed to properly oversee or monitor the conduct of the remaining Defendant(s) thereby allowing the remaining Defendant(s) to interfere with Frances Klavir's intentions regarding the disposition of her Trust and Estate assets to her two daughters, causing the Plaintiff harm.

39.    As a result of the Defendants' failure to perform their duties, described immediately

-20-

above, the trust and estate assets of Frances Klavir have been wrongfully depleted. This, in turn, has caused the Plaintiff to suffer harm, for which Plaintiff claims damages, including interest and lost income for the wrongful withholding and dissipation of all monies justly due to her.

40.     The Defendant Martin Wolf and/or the Defendant Cohen and Wolf, P.C. took steps to conceal their actions from the Plaintiff, and have continued to conceal said actions through the initial commencement of this lawsuit.

41.     Based on all of the foregoing, Plaintiff claims money damages, including interest and lost income for the wrongful withholding of all monies justly due to her.

<u>SIXTH COUNT</u>         **UNDUE INFLUENCE / COERCION**
                  **(AS TO THE DEFENDANTS MARTIN WOLF, ESQ. AND COHEN AND WOLF, P.C., AND SARANN GOLDFIELD AND ALVIN GOLDFIELD)**

1-25.     Paragraphs one through twenty-five of the First Count are hereby alleged as Paragraphs one through twenty-five of this Sixth Count as if fully set forth herein.

26-31.     Paragraphs twenty-six through thirty-one of the Second Count are hereby alleged as Paragraphs twenty-six through thirty-one of this Sixth Count as if fully set forth herein.

32-35.     Paragraphs thirty-two through thirty-five of the Third Count are hereby alleged as Paragraphs thirty-two through thirty-five of this Sixth Count as if fully set forth herein.

36-38.     Paragraphs twenty-eight through thirty of the Fourth Count are hereby alleged as Paragraphs thirty-six through thirty-eight of this Sixth Count as if fully set forth herein.

39-53.     Paragraphs twenty-six through forty of the Fifth Count are hereby alleged

-21-

LAW OFFICES OF **BRADLEY K. COONEY, P.C.**
3 Short Beach Rd., East Haven, CT 06512 – phone (203) 318-0464 – juris #: 300966 – email: brad.cooney@comcast.net

LAW OFFICES OF **BRADLEY K. COONEY, P.C.**
3 Short Beach Rd., East Haven, CT  06512 – phone (203) 318-0464 – juris #:  300966 – email:  brad.cooney@comcast.net

as Paragraphs  thirty-nine through fifty-three  of this Sixth Count as if fully set forth herein.

54.     On information and belief, the Defendants Sarann and Alvin Goldfield wrongfully exerted undue and improper influence upon Frances Klavir in order to obtain Frances Klavir's trust and estate assets for themselves and their immediate family members.

55.     The Defendants Sarann and Alvin Goldfield wrongfully conspired with the Defendants Martin Wolf and Cohen and Wolf to change Frances Klavir's trust and estate planning documents to the Defendant Goldfield's benefit, and to the detriment of the Plaintiff Ruth Gladstein.

56.     At all times relevant hereto  prior to the creation and purported execution of the Second Amendment to the Frances Klavir Living Trust described above, Frances Klavir had expressed to the Plaintiff, the Defendants, and to Plaintiff's family members on numerous occasions that she intended that both of her daughters (the Plaintiff and Defendant herein) should be the beneficiaries of her estate, in equal shares.

57.     The Defendants Sarann and Alvin Goldfield, with the Defendants Martin Wolf, Esq. and the Defendant Law Firm,  created documents which substantially changed the percentage of inheritance between the Plaintiff and the Defendant Sarann Goldfield, in direct contradiction of the expressed wishes of Frances Klavir.

58.     The Defendants Sarann and Alvin Goldfield, with the Defendants Martin Wolf, Esq. and the Defendant Law Firm wrongfully coerced Frances Klavir to sign the documents referred to immediately above, when Frances Klavir was unable to understand what she was signing or the

-22-

impact of the documents when signed.

59.     The Defendants Sarann and Alvin Goldfield, with the Defendants Martin Wolf, Esq. and the Defendant Law Firm, have engaged in ongoing, deliberate and wrongful conduct with the wrongful and tortious purposes of depleting the trust and estate assets of Frances Klavir and of interfering with Ruth Gladstein's reasonable expectancy of inheriting her rightful interest of her mother's trust and estate assets.

60.     As a result of the Defendants' misconduct, the trust and estate assets of Frances Klavir have been depleted, and the estate planning documents for Frances Klavir–identified in paragraph 19 (b)-(k) of the Second Count of this Complaint–have been changed or created without Frances Klavir's knowledge, or under duress, or by exercising undue influence and coercion upon Frances Klavir, resulting in the taking and/or depletion of those trust and/or estate assets which would have otherwise been inherited by Plaintiff.

61.     As a direct result of the deliberate misconduct and wrongful actions of the Defendants described above, the Plaintiff has suffered harm for which Plaintiff claims damages, including interest and lost income for the wrongful withholding of all monies justly due to her.

**SEVENTH COUNT     FRAUDULENT CONCEALMENT**
**(as to the Defendants Martin Wolf, Esq.,  Cohen and Wolf, P.C.,**
**and the Defendants Sarann Goldfield and Alvin Goldfield)**

1-25.     Paragraphs one through twenty-five of the First Count are hereby alleged as Paragraphs one through twenty-five of this Seventh Count as if fully set forth herein.

26-31.     Paragraphs twenty-six through thirty-one of the Second Count are hereby alleged as

-23-

LAW OFFICES OF **BRADLEY K. COONEY, P.C.**
3 Short Beach Rd., East Haven, CT 06512 – phone (203) 318-0464 – juris #: 300966 – email: brad.cooney@comcast.net

Paragraphs twenty-six through thirty-one of this Seventh Count as if fully set forth herein.

32-35.      Paragraphs thirty-two  through thirty-five of the Third Count are hereby alleged as Paragraphs  thirty-two  through thirty-five of this Seventh Count as if fully set forth herein.

36-38.      Paragraphs twenty-eight  through thirty of the Fourth Count are hereby alleged as Paragraphs  thirty-six  through thirty-eight  of this Seventh Count as if fully set forth herein.

39-53.      Paragraphs twenty-six  through forty of the Fifth Count are hereby alleged as Paragraphs  thirty-nine through fifty-three  of this Seventh Count as if fully set forth herein.

54-60.      Paragraphs fifty-four through sixty of the Sixth Count are hereby alleged as Paragraphs fifty-four through  sixty  of this Seventh Count as if fully set forth herein.

61.      Defendants, by their conduct described herein above, have deliberately and intentionally concealed their ongoing misconduct from the  Plaintiff,  knowing such conduct to be wrong, in order to prevent, delay, or preclude Plaintiff from taking legal action, accordingly.

62.      As a result of the Defendants' conduct, Plaintiff has suffered harm for which she claims money damages.

**EIGHTH COUNT      CIVIL  CONSPIRACY**
**(as to the Defendants Martin Wolf, Esq.,  Cohen and Wolf, P.C.,**
**and the Defendants Sarann Goldfield and Alvin Goldfield)**

1-25.      Paragraphs one through twenty-five  of the First Count are hereby alleged as Paragraphs one through twenty-five of this Eighth Count as if fully set forth herein.

26-31.      Paragraphs twenty-six  through thirty-one of the Second Count are hereby alleged as

-24-

Paragraphs twenty-six through thirty-one of this Eighth Count as if fully set forth herein.

32-35.     Paragraphs thirty-two  through thirty-five of the Third Count are hereby alleged as Paragraphs  thirty-two  through thirty-five of this Eighth Count as if fully set forth herein.

36-38.     Paragraphs twenty-eight  through thirty of the Fourth Count are hereby alleged as Paragraphs  thirty-six  through thirty-eight  of this Eighth Count as if fully set forth herein.

39-53.     Paragraphs twenty-six  through forty of the Fifth Count are hereby alleged as Paragraphs  thirty-nine through fifty-three  of this Eighth Count as if fully set forth herein.

54-60.     Paragraphs fifty-four through sixty of the Sixth Count are hereby alleged as Paragraphs fifty-four through  sixty  of this Eighth Count as if fully set forth herein.

61.     The Defendants have conspired and acted in a  deliberate and fraudulent manner, to facilitate and/or participate in the misconduct described herein above.

62.     Defendants' conduct was unlawful, and/or sought to accomplish otherwise lawful ends by criminal or unlawful means.

63.     Defendants have taken action independently and/or together in furtherance of the unlawful purposes and schemes described above.

64.     Defendants' conduct, described above, has been ongoing and continuous through the commencement of this lawsuit.  Moreover, Defendants concealed their actions and the records of their actions--described herein above--from the Plaintiff, and have continued to do so as of the date of the filing of this lawsuit.

65.     As a result of the Defendants' conduct, Plaintiff has suffered harm, for which she

-25-

claims money damages.

## NINTH COUNT   RECKLESS INDIFFERENCE / WILLFUL & WANTON MISCONDUCT
### (AS TO THE DEFENDANTS MARTIN WOLF, COHEN AND WOLF, P.C., SARANN GOLDFIELD AND ALVIN GOLDFIELD)

1-25.    Paragraphs one through twenty-five  of the First Count are hereby alleged as Paragraphs one through twenty-five of this Ninth Count as if fully set forth herein.

26-31.    Paragraphs twenty-six  through thirty-one of the Second Count are hereby alleged as Paragraphs twenty-six through thirty-one of this Ninth Count as if fully set forth herein.

32-35.    Paragraphs thirty-two  through thirty-five of the Third Count are hereby alleged as Paragraphs  thirty-two  through thirty-five of this Ninth Count as if fully set forth herein.

36-38.    Paragraphs twenty-eight  through thirty of the Fourth Count are hereby alleged as Paragraphs  thirty-six  through thirty-eight  of this Ninth Count as if fully set forth herein.

39-53.    Paragraphs twenty-six  through forty of the Fifth Count are hereby alleged as Paragraphs  thirty-nine through fifty-three  of this Ninth Count as if fully set forth herein.

54-60.    Paragraphs fifty-four  through sixty  of the Sixth Count are hereby alleged as Paragraphs fifty-four  through sixty  of this Ninth Count as if fully set forth herein.

61.    Paragraph sixty-one of the Seventh Count is hereby alleged as Paragraph sixty-one of this Ninth Count as if fully set forth herein.

62-66.    Paragraphs sixty-one through sixty-five of the Eighth Count are hereby alleged as Paragraphs sixty-two  through sixty-six of this Ninth Count as if fully set forth herein.

-26-

67.     Defendants' actions were committed with a reckless indifference to Plaintiff's rights.

68.     Defendants' actions constitute a willful and wanton violation of Plaintiff's rights, all to Plaintiff's detriment.

69.     Defendants' conduct has caused Plaintiff to suffer harm, for which Plaintiff claims money damages, including punitive or exemplary damages, plus interest, costs and attorney's fees, accordingly.

**TENTH COUNT**      LARCENY / CONN. GEN. STAT. §§53A and 52-564 – TREBLE DAMAGES
(As to the Defendants Martin Wolf, Cohen and Wolf, P.C., Sarann Goldfield and Alvin Goldfield)

1-65.   Paragraphs one through thirty-four of the Eigth Count are hereby alleged as Paragraphs one through sixty-five of this Tenth Count as if fully set forth herein.

66.     Defendants' conduct, described above, constitutes theft or larceny as defined by Conn.Gen.Stat. § 53a-119, et seq., insofar as the Defendants have obtained the assets and property of Frances Klavir, her estate, and the Plaintiff beneficiary by embezzlement, false pretenses or other wrongful means.

67.     Conn.Gen.Stat. § 52-564 provides for the payment of treble damages for the theft of such property.

68.     Plaintiff claims treble damages for the theft of said assets and property by the Defendants in accordance with the facts and statutes identified above.

LAW OFFICES OF **BRADLEY K. COONEY, P.C.**
3 Short Beach Rd., East Haven, CT 06512 – phone (203) 318-0464 – juris #: 300966 – email: brad.cooney@comcast.net

**ELEVENTH COUNT   INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
**(As to the Defendants Martin Wolf, Cohen and Wolf, P.C.,**
**Sarann Goldfield and Alvin Goldfield)**

1-25.     Paragraphs one through twenty-five of the First Count are hereby alleged as Paragraphs one through twenty-five of this Eleventh Count as if fully set forth herein.

26-31.     Paragraphs twenty-six through thirty-one of the Second Count are hereby alleged as Paragraphs twenty-six through thirty-one of this Eleventh Count as if fully set forth herein.

32-35.     Paragraphs thirty-two through thirty-five of the Third Count are hereby alleged as Paragraphs thirty-two through thirty-five of this Eleventh Count as if fully set forth herein.

36-38.     Paragraphs twenty-eight through thirty of the Fourth Count are hereby alleged as Paragraphs thirty-six through thirty-eight of this Eleventh Count as if fully set forth herein.

39-53.     Paragraphs twenty-six through forty of the Fifth Count are hereby alleged as Paragraphs thirty-nine through fifty-three of this Eleventh Count as if fully set forth herein.

54-60.     Paragraphs fifty-four through sixty of the Sixth Count are hereby alleged as Paragraphs fifty-four through sixty of this Eleventh Count as if fully set forth herein.

61.     Paragraph sixty-one of the Seventh Count is hereby alleged as Paragraph sixty-one of this Eleventh Count as if fully set forth herein.

62-66.     Paragraphs sixty-one through sixty-five of the Eighth Count are hereby alleged as Paragraphs sixty-two through sixty-six of this Eleventh Count as if fully set forth herein.

67-69.     Paragraphs sixty-seven through sixty-nine of the Ninth Count are hereby alleged as

-28-

Paragraphs sixty-seven through sixty-nine of this Eleventh Count as if fully set forth herein.

70.     At all times relevant hereto, the Defendants intended to inflict emotional distress on the Plaintiff, or should have known that Plaintiff was likely to suffer emotional distress as a result of their conduct.

71.     Defendants' conduct as described herein above was extreme and outrageous.

72.     Defendants' conduct as described herein above did cause Plaintiff to suffer emotional distress.

73.     The emotional distress suffered by Plaintiff as a result of the Defendants' conduct was severe.

74.     As a direct result of the Defendants' conduct, Plaintiff has suffered harm for which she claims money damages.

**TWELFTH COUNT     NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**
**(AS TO ALL DEFENDANTS)**

1-25.     Paragraphs one through twenty-five of the First Count are hereby alleged as Paragraphs one through twenty-five of this Twelfth Count as if fully set forth herein.

26-31.     Paragraphs twenty-six through thirty-one of the Second Count are hereby alleged as Paragraphs twenty-six through thirty-one of this Twelfth Count as if fully set forth herein.

32-35.     Paragraphs thirty-two through thirty-five of the Third Count are hereby alleged as Paragraphs thirty-two through thirty-five of this Twelfth Count as if fully set forth herein.

-29-

LAW OFFICES OF **BRADLEY K. COONEY, P.C.**
3 Short Beach Rd., East Haven, CT 06512 – phone (203) 318-0464 – juris #: 300966 – email: brad.cooney@comcast.net

36-38.     Paragraphs twenty-eight  through thirty of the Fourth Count are hereby alleged as Paragraphs  thirty-six  through thirty-eight  of this Twelfth Count as if fully set forth herein.

39-53.     Paragraphs twenty-six  through forty of the Fifth Count are hereby alleged as Paragraphs  thirty-nine through fifty-three  of this Twelfth Count as if fully set forth herein.

54-60.     Paragraphs fifty-four  through sixty of the Sixth Count are hereby alleged as Paragraphs fifty-four  through sixty  of this Eleventh Count as if fully set forth herein.

61.     Paragraph sixty-one of the Seventh Count is hereby alleged as Paragraph sixty-one of this Eleventh Count as if fully set forth herein.

62-66.     Paragraphs sixty-one through sixty-five of the Eighth Count are hereby alleged as Paragraphs sixty-two  through sixty-six of this Eleventh Count as if fully set forth herein.

67-69.     Paragraphs sixty-seven through sixty-nine  of the Ninth  Count are hereby alleged as Paragraphs sixty-seven through sixty-nine of this Eleventh Count as if fully set forth herein.

70.     Defendants' conduct as described herein above created an unreasonable risk of causing Plaintiff to suffer emotional distress.

71.     The Defendants' conduct as described herein above did, in fact, cause Plaintiff to suffer emotional distress.

72.     The emotional distress caused by Defendants' conduct was sufficiently severe that it did  and/or was capable of  resulting in illness or bodily harm to Plaintiff.

73.     As a direct result of the Defendants' conduct, Plaintiff has suffered harm for which she claims money damages.

*WHEREFORE, PLAINTIFF CLAIMS DAMAGES AS FOLLOWS:*

**As to the First Count:**

1.  Money damages;
2.  Interest and lost income;
3.  Such other additional relief at law or in equity to which the Plaintiffs may be entitled based on the evidence presented.

**As to the Second Count:**

1.  Money damages;
2.  Interest and lost income;
3.  Such other additional relief at law or in equity to which the Plaintiffs may be entitled based on the evidence presented.

**As to the Third Count:**

1.  Money damages;
2.  Interest and lost income;
3.  Such other additional relief at law or in equity to which the Plaintiffs may be entitled based on the evidence presented.

**As to the Fourth Count:**

1.  Money damages;
2.  Interest and lost income;
3.  Such other additional relief at law or in equity to which the Plaintiffs may be entitled based on the evidence presented.

**As to the Fifth Count:**

1.  Money damages;
2.  Interest and lost income;
3.  Such other additional relief at law or in equity to which the Plaintiffs may be entitled based on the evidence presented.

**As to the Sixth Count:**

LAW OFFICES OF **BRADLEY K. COONEY, P.C.**
3 Short Beach Rd., East Haven, CT 06512 – phone (203) 318-0464 – juris #: 300966 – email: brad.cooney@comcast.net

1.      Money damages;
2.      Interest and lost income;
3.      Such other additional relief at law or in equity to which the Plaintiffs may be
         entitled based on the evidence presented.

**As to the Seventh Count:**

1.      Money damages;
2.      Interest and lost income;
3.      Such other additional relief at law or in equity to which the Plaintiffs may be
         entitled based on the evidence presented.

**As to the Eighth Count:**

1.      Money damages;
2.      Interest and lost income;
3.      Such other additional relief at law or in equity to which the Plaintiffs may be
         entitled based on the evidence presented.

**As to the Ninth Count:**

1.      Money damages;
2.      Interest and lost income;
3.      Punitive or exemplary damages including attorney's fees and costs;
4.      Such other additional relief at law or in equity to which the Plaintiffs may be
         entitled based on the evidence presented.

**As to the Tenth Count:**

1.      Money damages;
2.      Treble damages pursuant to Conn.Gen.Stat. § 52-564;
3.      Interest;
4.      Such other additional relief at law or in equity to which the Plaintiffs may be
         entitled based on the evidence presented.

**As to the Eleventh Count:**

1.      Money damages;

2.      Interest and lost income;
3.      Punitive damages;
4.      Such other additional relief at law or in equity to which the Plaintiffs may be
        entitled based on the evidence presented.

**As to the Twelfth Count:**

1.      Money damages;
2.      Interest and lost income;
3.      Punitive damages;
4.      Such other additional relief at law or in equity to which the Plaintiffs may be
        entitled based on the evidence presented.

THE PLAINTIFF
RUTH GLADSTEIN

Thomas A. Lyons
State Marshal
Fairfield County
A True Copy Attest

By _____

Bradley K. Cooney, of
BRADLEY K. COONEY, P.C.
Her Attorney

RETURN DATE:   JULY 3, 2018                    *        SUPERIOR COURT
                                               *
RUTH GLADSTEIN                                 *
                                               *        JUDICIAL DISTRICT OF
VS.                                            *        FAIRFIELD AT BRIDGEPORT
                                               *
SARANN GOLDFIELD (A/K/A SARANNE                *
GOLDFIELD), ALVIN GOLDFIELD, MARTIN            *        MAY 6, 2018
WOLF, ESQ.. and COHEN and WOLF, P.C.           *

## STATEMENT RE: AMOUNT IN DEMAND

The amount, legal interest or property in demand is in excess of $2,500.00, exclusive of

interest and costs.

                            THE PLAINTIFF
                            RUTH GLADSTEIN

                            By _____
                                Bradley K. Cooney, of
                                BRADLEY K. COONEY, P.C.
                                Her Attorney

Thomas A. Lyons
State Marshal
Fairfield County
A True Copy Attest

-34-

## **CERTIFICATION**

I hereby certify that a copy of the foregoing "Notice of Removal" was mailed to all appearing counsel and pro se parties of record and the non-appearing defendants on June 4, 2018 as follows:

Bradley K. Cooney, Esq.
Law Offices of Bradley K. Cooney, P.C.
3 Short Beach Road
East Haven, CT  06512

*Attorney For Plaintiff*

Sarann Goldfield
3209 Main Campus Drive
Lexington, MA  02421

*Non-appearing Defendant*

Alvin Goldfield
3209 Main Campus Drive
Lexington, MA  02421

*Non-appearing Defendant*

                     /s/ Louis B. Blumenfeld
                     Louis B. Blumenfeld