## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

RUTH GLADSTEIN,
        *Plaintiff,*

        v.                                        No. 3:18-cv-0926 (VAB)

SARANN GOLDFIELD, *et al.*,
        *Defendants.*

## RULING AND ORDER ON PLAINTIFF'S MOTION FOR RECONSIDERATION

Ruth Gladstein has sued Sarann Goldfield, Alvin Goldfield[1] (the "Goldfields"), Martin

Wolf, Esq., and Cohen and Wolf, P.C. (with Mr. Wolf, the "Wolf Defendants") (collectively,

"Defendants"). She alleges intentional interference with inheritance, undue influence or

coercion, fraudulent concealment, civil conspiracy, reckless indifference, larceny, intentional

infliction of emotional distress, and negligent infliction of emotional distress against Defendants;

negligence and breach of fiduciary duties against the Wolf Defendants; and negligence and

breach of fiduciary duties against the Goldfields. Notice of Removal, ECF No. 1 (June 4, 2018)

("Compl.").

Ms. Gladstein now moves for reconsideration of the Court's Order granting the Wolf

Defendants' motion to dismiss. Pl.'s Mot. for Recons. of Ruling and Order Dismissing Case,

ECF No. 119 (Aug. 10, 2020) ("Pl.'s Mot.").

For the following reasons, Ms. Gladstein's motion for reconsideration is **DENIED**.

---

[1] On July 1, 2020, the Estate of Alvin Goldfield was substituted as a party for Mr. Goldfield. Order Granting Second
Mot. to Substitute Party, ECF No. 100 (July 1, 2020).

## I.   BACKGROUD

Familiarity with the factual and procedural background in this case is assumed. *See* Order, ECF No. 115 (July 31, 2020) ("Dismissal Order").

On July 31, 2020, the Court granted the Wolf Defendants' motion to dismiss, *see* Dismissal Order, and denied as moot Ms. Gladstein's motion for summary judgment and motion to set aside, Order, ECF No. 116 (July 31, 2020); *see also* Pl.'s Mot. for Partial Summ. J., ECF No. 89 (May 15, 2020); Mot. to Set Aside Order Granting Mot. to Deny or Defer Resp. to Pl.'s Mot. for Summ. J., ECF No. 92 (June 3, 2020).

On August 10, 2020, Ms. Gladstein moved for reconsideration with supporting materials. Pl.'s Mot.; Mem. of Law in Supp. of Pl.'s Mot. for Recons. of Ruling and Order Dismissing Case, ECF No. 119-1 (Aug. 10, 2020) ("Pl.'s Mem.").

On August 11, 2020, the Wolf Defendants opposed Ms. Gladstein's motion. Mem. Opposing Pl.'s Mot. for Recons. of Defs. Martin Wolf and Cohen and Wolf P.C., ECF No. 120 (Aug. 11, 2020) ("Wolf Opp'n").

On the same day, Ms. Gladstein responded to the Wolf Defendants opposition. Pl.'s Resp. to Allegation that Her Motion for Recons. was Untimely, ECF No. 121 (Aug. 11, 2020) ("Pl.'s Resp.").

## II.   STANDARD OF REVIEW

Rule 59(e) of the Federal Rules of Civil Procedure allows a party to move to "alter or amend a judgment . . . no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). Courts consider a motion made under Rule 59(e) to be a motion for reconsideration. *See*

*Krohn v. N.Y.C. Police Dep't*, 341 F.3d 177, 179 (2d Cir. 2003) (noting that a party timely filed for reconsideration under Fed R. Civ. P. 59(e) and 60(b)).

"The standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995); *see also Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) ("The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." (internal quotation marks omitted)). "[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." *Shrader,* 70 F.3d at 257.

## III.    DISCUSSION

In its order granting the Wolf Defendants' motion to dismiss, the Court dismissed Ms. Gladstein's nine counts against the Wolf Defendants for lack of standing. *See* Dismissal Order at 19-23. The Court concluded that

> Ultimately, Ms. Gladstein is dissatisfied with her inheritance; and having failed to undermine the legal instruments that, in her view, unfairly limited her inheritance, she now seeks to attack collaterally these very same documents by suing the Wolf Defendants. But Ms. Gladstein lacks standing to bring claims based on the Wolf Defendants' conduct and provision of legal services related to Ms. Klavir's estate planning; she also lacks standing to bring claims based on their conduct as trustee for the Klavir Trust . . . [A]ny standing to assert those claims reside in the trustee or the representative of Ms. Klavir's estate, Ms. Goldfield.

*Id*. at 19. Although the Wolf Defendants also moved to dismiss Counts Seven, Eleven, and Twelve for failure to state a claim upon which relief may be granted, the Court declined to

separately address these issues because the counts had been dismissed for lack of standing. *Id.* at 23.

Ms. Gladstein moves for the order to be reconsidered because "material facts and controlling law were overlooked." Pl.'s Mem. at 1.

### A.  Timeliness

A motion for reconsideration must filed within seven days of the filing of the order from which such relief is sought. D. Conn. L. Civ. R. 7(c)(1). "The Local Rules are not merely the hopes, dreams, or suggestions of this [C]ourt; they make up the framework within which cases are decided in this district. They cannot be disregarded on a whim, nor will they be waived without a substantial showing of necessity." *Am. Lines, LLC v. CIC Ins. Co., A.V.V., S.A.*, No. 3:03-cv-1891 (JCH), 2004 WL 2381717, at *7 (D. Conn. Sept. 30, 2004).

The Wolf Defendants note that Ms. Gladstein's moved for reconsideration "a bit tardily." Wolf Opp'n at 1. Ms. Gladstein replies that

> [T]he Court's Order [dismissing the Wolf Defendants] . . . was issued by th[e] Court at 6:47pm, after the close of business, on July 31, 2020. The next business day was Monday, August 3, 2020. The plaintiff's motion for reconsideration was filed before noon on Monday, August 10, 2020.

Pl.'s Resp. at 1. She also contends that her counsel was affected by a tropical storm that hit Connecticut and did not have electricity until August 8, 2020. *Id.* at 1-2.

Under Rule 6, "[w]hen the period is stated in days," parties should "exclude the day of the event that triggers the period; . . . count every day, including intermediate Saturdays, Sundays, and legal holidays; and . . . include the last day of the period" unless it is "a Saturday, Sunday, or legal holiday." Fed. R. Civ. P. 6(a)(1). In this case, the computation of time would have started on August 1, 2020 and run through August 7, 2020. As August 7, 2020 was a

Friday, rather than a weekend day or holiday, the deadline would not "continue to run" until Monday, August 10, 2020. *Id.*

Given the tropical storm that affected Connecticut residents during this time, however, the Court could find a "substantial showing of necessity" on the part of Ms. Gladstein and her counsel to have missed the reconsideration deadline. *Am. Lines,* 2004 WL 2381717, at *7. In any event, as explained further below, Ms. Gladstein's motion fails on the merits.

Accordingly, the Court declines to decide the motion on timeliness and will proceed to the merits.

### B.  Reconsideration

"A failure to timely file a motion for reconsideration may constitute sufficient grounds for denying the motion; however, courts have exercised their discretion to address even untimely motions." *Palmer v. Sena*, 474 F. Supp. 2d 353, 354 (D. Conn. 2007). "The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways*, 956 F.2d at 1255 (internal quotation marks omitted). Ms. Gladstein makes five arguments for reconsideration.

First, Ms. Gladstein argues that "[t]he Court overlooked the fact that the Supreme Court of Connecticut . . . found [in a related case] that it was an undisputed fact that the Plaintiff is a beneficiary of the Frances Klavir Living Trust ("Trust")." Pl.'s Mem. at 3. The Wolf Defendants counter that Ms. Gladstein "ignores the basis for the [Court's] decision [dismissing the claims against them] and simply rehashes arguments she made in opposition." Wolf Opp'n at 2. Specifically, Wolf Defendants contend Ms. Gladstein "ignores the circumstances under which a

third party may sue an attorney relating to wills or trusts, and that the Court stated and applied the law correctly." *Id.*

The Court agrees.

The Court's Order dismissing the Wolf Defendants did not turn on whether Ms. Gladstein was a beneficiary of the Trust, but whether she was a client of the Wolf Defendants. Dismissal Order at 17 ("Because Ms. Gladstein's claims are based on the legal services rendered by the Wolf Defendants, those claims must fail. She was not their client."). The Court did not ignore that Ms. Gladstein was a beneficiary. It just determined that being a beneficiary alone did not give her standing to sue the Wolf Defendants. *See id.* at 18 ("Although a beneficiary may sue the trustee on behalf of the trust, . . . Ms. Gladstein's claims are not against Mr. Wolf as trustee of the Living Trust, but are against him individually, and based on alleged personal injuries, which Connecticut courts disallow." (internal citations omitted)).

Second, Ms. Gladstein argues that after taking judicial notice of the Connecticut Court of Probate finding the Last Will and Testament duly executed and no evidence of undue influence, the Court "overlooked the subsequent order issued by the same [p]robate [c]ourt . . . [holding] that the [p]robate [c]ourt lacked subject matter jurisdiction to make a determination as to the validity of the 1997 amendment to the Trust . . . ." Pl.'s Mem. at 3-4.

The Wolf Defendants argue that "th[is] June 2009 Order is not properly before the Court as it was available and not presented in opposition." Wolf Opp'n at 2. They further contend that the probate court determined that it lacked subject matter jurisdiction for allegations of fraud and forgery, but reserved determination for the other allegations. *Id.* The Wolf Defendants argue that the claims against them in this case fall into the latter category, and thus, the June 2009 Order "changes nothing." *Id.* at 3.

"In order to succeed on a motion for reconsideration based on newly discovered

evidence, the evidence must be 'truly newly discovered or . . . could not have been found by due diligence.'" *Kopperl v. Bain*, No. 3:09-CV-01754 (CSH), 2016 WL 310719, at *3 (D. Conn. Jan. 26, 2016) (quoting *U.S. v. Potamkin Cadillac Corp.*, 697 F.2d 491, 493 (2d Cir. 1983)). "[N]ewly discovered evidence must not have been available prior to entry of the judgment leading to reconsideration." *Id.* (internal citations omitted). Thus, this 2009 Order does not constitute newly discovered evidence because it was known and available to Ms. Gladstein when she filed her opposition. It cannot be the basis for a successful motion for reconsideration.

Third, Ms. Gladstein argues that the Court "overlooked controlling law from the Connecticut Supreme Court." Pl.'s Mem. at 4 (emphasis omitted). She contends that in *Stowe v. Smith,* 184 Conn. 194 (1981), "the Connecticut Supreme Court reasoned that if a lawyer thwarts the intentions of the testatrix client, then after the client's death the intended beneficiary would suffer injury" and "recognized that absent a particular conflict between rules of contract and tort law, a plaintiff may proceed in contract, tort or both." *Id.* at 5-6. Ms. Gladstein argues that she "has alleged a cause of action that is recognized in Connecticut and for which she is recognized to have standing." *Id.* at 7. The Wolf Defendants contend that *Stowe v. Smith* is not controlling. Wolf Opp'n at 3. The Wolf Defendants note that the Court "addressed the law specifically as to standing to sue trusts [in its Order]," which was "an aspect of the decision not address by [Ms. Gladstein] at all." *Id.* (citing Dismissal Order at 17-18).

The Court agrees.

Reconsideration may be granted if there is an "intervening change of controlling law." *Virgin Atl. Airways*, 956 F.2d at 1255. The Court did not overlook *Stowe v. Smith*. The case was cited in Ms. Gladstein's opposition to the Wolf Defendants' motion to dismiss, *see* Pl.'s Mem. of Law in Opp'n to Defs.' Mot. to Dismiss, ECF No. 85 at 17-18 (May 4, 2020), which the Court

fully considered. But ultimately, the Court determined that the other cases indicated that Ms. Gladstein lacked standing. *See* Dismissal Order at 16-19. Moreover, the case cannot be seen to be "intervening," as it was published in 1981.

Fourth, Ms. Gladstein argues that the Court "overlooked controlling law from the Second Circuit." Pl.'s Mem. at 7 (emphasis omitted). She contends that, in *Devlin v. United States,* 352 F. 3d 525 (2d Cir. 2003), the Second Circuit held that "a person's interest as a named beneficiary or potential heir is a property interest protected by tort laws of Connecticut." *Id.* at 7. Ms. Gladstein argues that she alleged "a valid cause of action that is recognized by the controlling law of Connecticut." *Id.* at 8. The Wolf Defendants argue that "[i]n *Devlin*[,] the court addressed Connecticut law in several respects but was not deciding any of the issues here." Wolf Opp'n at 4. They contend that *Devlin* "did not address when or how" suits against attorneys by third party beneficiaries may proceed. *Id.* The Wolf Defendants further argue that "in a diversity action Connecticut appellate law controls, not Second Circuit interpretation of it." *Id.*

Again, as was the case with *Stowe v. Smith*, the Court was aware of *Devlin v. United States* from Ms. Gladstein's filings, *see* Pl.'s Mem. of Law in Opp'n to Defs.' Mot. to Dismiss, ECF No. 85 at 12, 18, but applied other more relevant caselaw. Nor can this case be considered intervening.

Finally, Ms. Gladstein contends that "reconsideration is necessary to prevent manifest injustice." Pl.'s Mem. at 8. She "believes that there is more than sufficient evidence to prove that the alleged amendment to the Trust is not valid and that she is entitled to substantial damages for the reasons alleged in the Complaint." *Id.* at 10. The Wolf Defendants maintain that "the continuing assertion that the Trust was not validly amended, demonstrates that [Ms. Gladstein]

simply refused to acknowledge the premise of the motion to dismiss and the Court's decision[]
that [she] lacks standing to make that claim." Wolf Opp'n at 4 (internal citation omitted).

Here, Ms. Gladstein attempts to "relitigate an issue already decided." *Shrader,* 70 F.3d at
257. Although she "believes that there is more than sufficient evidence" to show her claims
should continue, Pl.'s Mem. at 10, she has not presented any newly discovered evidence,
intervening controlling, or indeed any evidence that a "manifest injustice" has occurred, *Virgin
Atl. Airways*, 956 F.2d at 1255.

Because Ms. Gladstein has failed to show "grounds justifying reconsideration," *id.,* the
Court will deny her motion for reconsideration.

## IV.     CONCLUSION

For the foregoing reasons, Ms. Gladstein's motion for reconsideration is **DENIED.**

**SO ORDERED** at Bridgeport, Connecticut, this 19th day of March, 2021.

<u>/s/ Victor A. Bolden</u>
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE